IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

**TERRY J. BENDER,**

        **Petitioner,**

**v.**                                        **CIVIL ACTION NO. 1:10cv78**
                                            **(Judge Keeley)**

**KUMA JOEL J. ZIEGLER,**

        **Respondent.**

## REPORT AND RECOMMENDATION

### I. BACKGROUND

On May 14, 2010, the *pro se* petitioner, Terry J. Bender, an inmate at FCI Morgantown, filed an Application for Habeas Corpus Pursuant to 28 U.S.C. §2241. The petitioner paid the required filing fee on May 17, 2010. This matter is pending before me for an initial review and Report and Recommendation pursuant to LR PL P 83.09.

### II. FACTS

On March 17, 1993, the petitioner, along with 18 other individuals, was indicted by a federal grand jury in a nine count superseding indictment. On June 11, 1993, the petitioner pleaded guilty pursuant to a written plea agreement to conspiracy to possess and distribute cocaine (count one), felon in possession of a firearm (count three), and money laundering (count eight). On August 9, 1993, the petitioner filed a motion to vacate his guilty plea. Following an evidentiary hearing on August 10, 1993, the United States District Court for the Northern District of Ohio denied his motion, and sentenced him to 360 months on count one; 27 months on count three; and 121 months on count eight, to run concurrently. On November 7, 1984, the Sixth Circuit affirmed the petitioner's conviction and sentence in <u>United States v. Bender</u>, 42 F.3d 1508, 1994 WL 622158 (6th Cir. 1994)(unpublished opinion).

Thereafter, the petitioner unsuccessfully challenged his conviction and sentence on various grounds through motions to vacate, set aside or correct his sentence under 28 U.S.C. § 2255. In December 2002 and December 2003, the petitioner filed a motion for relief from judgment under Rule 60(b) and a motion to amend an earlier-denied § 2255 motion, respectively. On June 17, 2007, the district court denied both motions as moot. On April 13, 2010, the Sixth Circuit affirmed the district court's order denying the petitioner's motion for relief from judgment and denying his motion to amend his previously denied § 2255 motion. Terry Bender v. United States, 2010 WL 1461556 (6th Cir. 2010) (unpublished).

### III. Claims of the Petition

In support of his § 2241 petition before this Court, the petitioner notes that at his sentencing hearing, the court first established that his base offense level under 2D1.1 was a level 36. The court then increased his guidelines level by four (4) levels under 3B1.1(a) for an aggravating role and then by two levels under 2D1.1(b)(1) for possession of a firearm. Finally, the court increased his criminal history points by five (5) which established a criminal history category of III. However, the petitioner argues that at the plea withdrawal hearing, the Assistant United States Attorney informed the court that the government had agreed to forego the two (2) level gun enhancement. In addition, the petitioner argues that the sentencing court improperly determined that his prior convictions could be used to enhance his criminal history category. Accordingly, the petitioner maintains that the court "made a clerical error by computing [his] criminal history points by five (5) points." The petitioner further maintains that his corrected guideline level is a level 37,[1] while the sentencing court incorrectly calculated it at level 40. Therefore, the petitioner contends that he should have been sentenced to 210 months instead of 360 months. The petitioner then argues that Rule 36 should be applied, and his judgment and commitment order should be corrected, and he should be re-sentenced with an adjusted offense level of 37.

---

[1] The petition reaches this number as follows: base offense level of 36, plus three (3) levels for the 3B1.1(b) enhancement, minus two (2) levels for the acceptance of responsibility.

## IV. Analysis

### A. Lack of Jurisdiction

Prisoners seeking to challenge the validity of their convictions or their sentences are required to proceed under section 2255 in the district court of conviction. A petition for writ of habeas corpus, pursuant to section 2241, on the other hand, is intended to address the **execution** of a sentence, rather than its validity, and is to be filed in the district where the prisoner is incarcerated. While the terms of section 2255 expressly prohibit prisoners from challenging their convictions and sentences through a habeas corpus petition under section 2241, there is nonetheless a "savings clause" in section 2255, which allows a prisoner to challenge the validity of his conviction under section 2241 **if** he can demonstrate that section 2255 is "inadequate or ineffective to test the legality of his detention." Title 28 U.S.C. § 2255. A petitioner bears the burden of demonstrating that the section 2255 remedy is "inadequate or ineffective," and the standard is an extremely stringent one. In the Fourth Circuit, section 2255 is deemed to be "inadequate and ineffective" to test the legality of a conviction **only** when all three of the following conditions are satisfied:

> (1) at the time of the conviction, the settled law of this Circuit or of the Supreme Court established the legality of the conviction;
>
> (2) subsequent to the prisoner's direct appeal and first section 2255 motion, the substantive law changed such that the conduct of which the prisoner was convicted is deemed not to be criminal, **and**
>
> (3) the prisoner cannot satisfy the gate-keeping provisions of section 2255 because the new rule is not one of constitutional law.

See In re Jones, 226 F.3d 328, 333-34 (4th Cir. 2000) (emphasis added).

In this case, the petitioner is not challenging the execution of his sentence, but instead is challenging the imposition of his sentence. Although the petitioner has not raised the savings clause, it is clear that he is not entitled to its application. In the instant case, even if the petitioner satisfied the first and the third elements of Jones, violations of 21 U.S.C. §§ 846, 922(g)(1), and 18 U.S.C. § 1956(a)(1)(A)(I) all remain criminal offenses, and therefore the petitioner cannot satisfy the second element

3

of Jones. Consequently, the petitioner has not demonstrated that §2255 is an inadequate or ineffective remedy, and he has improperly filed a §2241 petition.

Moreover, the petitioner's reliance on Rule 36 is misplaced. Rule 36 of the Federal Rules of Criminal Procedure provides: "After giving notice it considers appropriate, the court may at any time correct a clerical error in a judgment, order, or other part of the record, or correct an error in the record arising from oversight or omission." Under Rule 36, clerical error refers to " a failure to accurately record a statement or action by the court or one of the parties," and the Rule "provides no basis to correct substantive errors in the sentence." United States v. Bennett, 423 F.3d 271, 277-78 (3rd Cir. 2005) (citations and quotations omitted). Here, the petitioner is not raising clerical errors, but is instead challenging substantive record findings by the court for purposes of sentencing. Furthermore, even if the petitioner's argument can be viewed as raising true clerical errors under Rule 36, he must seek correction by the sentencing court.

## V. **RECOMMENDATION**

Based on the foregoing, the undersigned recommends that the petitioner's §2241 petition be **DENIED and DISMISSED WITH PREJUDICE.**

Any party may file, within fourteen (14) days after being served with a copy of this Recommendation, with the Clerk of the Court, written objections identifying the portions of the Recommendation to which objections are made, and the basis for such objections. A copy of such objections should also be submitted to the Honorable Irene M. Keeley, United States District Judge. Failure to timely file objections to the Recommendation set forth above will result in waiver of the right to appeal from a judgment of this Court based upon such Recommendation. 28 U.S.C. § 636(b)(1);Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984), cert. denied, 467 U.S. 1208 (1984).

The Clerk of the Court is directed to mail a copy of this Report and Recommendation to the *pro se* petitioner by certified mail, return receipt requested, to his last know address as shown on the docket

sheet.

DATED: June 28, 2010/

                                                            /s/ James E. Seibert
                                                           JAMES E. SEIBERT
                                                           UNITED STATES MAGISTRATE JUDGE