IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

**TERRY J. BENDER,**

    **Petitioner,**

v.                           CIVIL ACTION NO. 1:10CV78
                                      (Judge Keeley)

**WARDEN JOEL J. ZIEGLER,**

    **Respondent.**

**ORDER ADOPTING REPORT AND RECOMMENDATION (DKT. 6),
DENYING AS MOOT PETITIONER'S MOTION TO EXPEDITE (DKT. 8),
AND DISMISSING § 2241 PETITION WITH PREJUDICE**

After the petitioner, Terry J. Bender ("Bender"), filed this petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241, United States Magistrate Judge James E. Seibert entered a Report and Recommendation ("R&R") in which he recommended that Bender's claims are not cognizable under § 2241 because they attack the imposition of his sentence, not its execution. Bender timely filed objections to the R&R. After conducting a de novo review of Bender's objections, the Court concludes that Bender cannot maintain a claim under § 2241, and therefore **ADOPTS** the R&R in full and **DISMISSES** his case **WITH PREJUDICE.**

**I. BACKGROUND**

On August 10, 1993, Bender received three sentences in the Northern District of Ohio, all to run concurrently, for a total term of incarceration of 360 months. Bender appealed this sentence,

**ORDER ADOPTING REPORT AND RECOMMENDATION (DKT. 6),
DENYING AS MOOT PETITIONER'S MOTION TO EXPEDITE (DKT. 8),
AND DISMISSING § 2241 PETITION WITH PREJUDICE**

and later filed a petition pursuant to 28 U.S.C. § 2255, and an appeal of that petition's denial. Later, he filed motions to vacate the judgment under Fed. R. Crim. P. 60. All of these efforts were unsuccessful, and Bender continues to serve his sentence at the Federal Correctional Institution in Morgantown, Monongalia County, West Virginia, located in this district.

## II. PETITIONER'S CLAIMS

In his petition, Bender alleges that the Northern District of Ohio erred in imposing a 360 month sentence, which represented the low end of the range established by the then-mandatory United States Sentencing Guidelines. Specifically, he alleges that the district court miscalculated his criminal history and erroneously applied a sentencing enhancement for use of a firearm. Citing Fed. R. Crim. P. 36, Bender also urges this Court to correct the Judgment and Commitment Order entered in his case by the Northern District of Ohio based on clerical error.

## III. SCOPE OF § 2241

Generally, a petition challenging the imposition of a sentence is appropriate under 28 U.S.C. § 2255, not § 2241. However, under the "savings clause" of § 2241, a petitioner may challenge a sentence under that statute by establishing that the § 2255 remedy

**BENDER V. ZIEGLER**                                              **1:10CV78**

**ORDER ADOPTING REPORT AND RECOMMENDATION (DKT. 6),
DENYING AS MOOT PETITIONER'S MOTION TO EXPEDITE (DKT. 8),
AND DISMISSING § 2241 PETITION WITH PREJUDICE**

is unavailable. In the Fourth Circuit, a petitioner may proceed under the savings clause only if the following three conditions are met:

> (1) at the time of the conviction, settled law of this circuit or the Supreme Court established the legality of the conviction;
>
> (2) subsequent to the prisoner's direct appeal and first § 2255 motion, the substantive law changed such that the conduct of which the prisoner was convicted is deemed not to be criminal; and
>
> (3) the prisoner cannot satisfy the gate-keeping provisions of § 2255 because the new rule is not one of constitutional law.

In re Jones, 226 F.3d 328, 333-34 (4th Cir. 2000).

## IV. ANALYSIS

All of Bender's claims challenge the validity of his sentence, and the court concludes that he has not established any of the three factors set forth in Jones. The mere fact that Bender has not succeeded in his numerous applications for relief to the court that imposed his sentence does not render the § 2255 remedy "unavailable" under § 2241 and the jurisprudence interpreting that statute. Furthermore, Bender's claims under Rule 36 likewise must be brought before the sentencing court.

**BENDER V. ZIEGLER**                                                1:10CV78

**ORDER ADOPTING REPORT AND RECOMMENDATION (DKT. 6),
DENYING AS MOOT PETITIONER'S MOTION TO EXPEDITE (DKT. 8),
AND DISMISSING § 2241 PETITION WITH PREJUDICE**

**CONCLUSION**

Based on the above, the Court **ADOPTS** the R&R (dkt. 6) in its entirety, **DENIES AS MOOT** Bender's "Motion to Expedite and to Grant an Immediate Release" (dkt. 8), and **DISMISSES** this case **WITH PREJUDICE.**

It is so **ORDERED**.

Pursuant to Fed. R. Civ. P. 58, the Court directs the Clerk to enter a separate judgment order and to transmit copies of both orders to the respondent and the pro se petitioner via certified mail, return receipt requested.

Dated: September 28, 2010.

/s/ Irene M. Keeley
IRENE M. KEELEY
UNITED STATES DISTRICT JUDGE